# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GENE MARINELLI and JEANNE MARINELLI,

    Plaintiffs,

vs.

JASON CARTER, SCHINDLER ELEVATOR CORPORATION, and MARRIOTT HOTEL SERVICES, INC. d/b/a TAMPA AIRPORT MARRIOTT HOTEL,

    Defendants.

_____ /

CASE NO.: _____

Lower Court Case No. 19-CA-6006 (Div.B)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Defendant, Schindler Elevator Corporation (hereinafter, "Schindler"), by and through the undersigned counsel, hereby gives Notice of the Removal of this case from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (hereinafter, "the State Court Action") to the United States District Court for the Middle District of Florida, Tampa Division. As grounds for this Notice of Removal, Schindler states as follows:

    1.    On or about July 17, 2019, the State Court Action was commenced by Plaintiffs filing of a Complaint in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, entitled *Gene Marinelli and Jeanne Marinelli v. Jason D. Carter, Schindler Elevator Corporation and Marriott Hotel Services, Inc. d/b/a Tampa Airport Marriott Hotel*. Attached hereto as Ex. "A" are the process and pleadings served on Defendant Schindler, including Plaintiffs' Complaint for the State Court Action. See 28 U.S.C. § 1446(a)."

2. This is a personal injury action arising out of an alleged incident which occurred on or about March 12, 2018, while Plaintiff GENE MARINELLI was riding in an elevator at the Tampa Airport Marriott. See Ex. A, Complaint, ¶ 17-22. Therein, Plaintiff alleges that he was injured when the elevator went up approximately two stories and dropped down to the ground floor. Ex. A, Complaint ¶ 22. Schindler was served with the Complaint on July 17, 2019. It is unclear from the face of the Complaint that Plaintiffs seeks damages in excess of the jurisdictional threshold of $75,000. However, Plaintiffs provided a demand to Defendant Marriott Hotel Services, Inc. (hereinafter "Marriott") on September 19, 2018, requesting policy limits which exceeds $75,000. See Ex. B. In addition, Plaintiffs' fraudulently joined a defendant solely for the purposes of defeating diversity.

3. Section 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). If the initial pleading of a case does not establish that the amount in controversy exceeds $75,000, Section 1446 provides that a defendant may file a notice of removal within 30 days after receiving another document that reveals the case's removability. 28 U.S.C. § 1446(b)(3).

I. **Complete Diversity Exists As to All Properly Joined Parties**

4. A defendant seeking removal "bears the burden of establishing facts supporting federal jurisdiction" by a preponderance of the evidence. *Eckert v. Sears, Roebuck & Co.,* 2013 U.S. Dist. LEXIS 149561 (M. D. Fla., Oct. 17, 2013). Therefore, the defendant must establish that

there is complete diversity of citizenship between the parties and that the amount in controversy is greater than $75,000.

5. Here, complete diversity exists as to all properly joined parties. According to ¶ 2-3 of the Complaint, Plaintiffs are residents of the State of Florida. As alleged in ¶ 5 of the Complaint, Defendant Schindler is a foreign corporation. That is, Schindler is a Delaware Corporation with its principal place of business in Morris County, New Jersey. See 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend,* 559 U.S. 77 (2010) (corporation is "deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.") As alleged in ¶ 7 of the Complaint, Marriott is a foreign corporation. That is, Marriott is a Delaware Corporation with its principle place of business in Bethseda, Maryland.

II. **Defendant Jason D. Carter was Fraudulently Joined**

6. As alleged in ¶ 4 of the Complaint, Defendant Jason D. Carter (hereinafter "Carter") is a resident of the State of Florida. However, this non-diverse Defendant's current presence in this suit does not defeat the diverse Defendants' federally granted right of removal. Plaintiffs have asserted no valid claim against Carter and this Defendant was improperly joined in this action to defeat diversity jurisdiction:

> The removal process was created by Congress to protect defendants. Congress "did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." … As the Supreme Court long ago admonished, "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court."

*Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907) (internal citations omitted)).

7. Accordingly, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder,' ... and a federal court may appropriately assert its removal diversity jurisdiction over the case." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

8. "As some courts have observed, the doctrine of fraudulent joinder is misnamed, as a showing of fraud, while sufficient, isn't necessary. One way a party can invoke the doctrine is to show, by clear and convincing evidence, that 'there is no possibility that the plaintiff can establish a cause of action against the resident defendant, as a groundless claim does not invoke federal jurisdiction." *De La Flor v. Ritz-Carlton Hotel Co., LLC*, 930 F. Supp. 2d 1325 (S.D. Fla. 2013) (holding suit against two non-diverse defendants was "utterly without merit" and thus "that [they] were joined fraudulently") (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) and *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011)); *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005) (the potential for legal liability on the part of the allegedly fraudulently joined defendant must be reasonable, not merely theoretical, and in considering possible state law claims, "possible" must mean more than "such a possibility that a designated residence can be hit by a meteor tonight," pointing out that "reason" and "common sense" must have some role in this analysis).

9. Simply put, "[f]raudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (joinder of plaintiffs insurance agent fraudulent where complaint stated no claim against agent for breach of contract or libel) (citing *Tedder* v. *F.M.C. Corp.*, 590 F.2d

115, 116-17 (5th Cir. 1979)); see also *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) ("The joinder of a resident defendant against whom no cause of action is stated is patent sham ... and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists.") (citations omitted); *Whitney v. Esurance Ins. Co.*, No. 13-61329-CIV, 2013 WL 4028151, *3 (S.D. Fla. 2013) ("because plaintiff cannot establish a claim against [the non-diverse defendant], the Court finds that she was fraudulently joined in this matter") (citing *Dumas v. ACCC Ins. Co.*, 349 Fed. App'x 489, 492 (11th Cir. 2009)).

10. In *Reeb v. Wal-Mart Stores, Inc.*, Plaintiff alleged a slip and fall after she tripped over "ragged" carpeting and fell, injuring her lower back. 902 F. Supp. 185, 188 (E.D. Mo. 1995). The non-diverse party was a manager of the store, who had not been through the area where the Plaintiff slipped and fell within three days of the accident and was not present on the date of the accident. *Id.* at 189. The court determined that plaintiff had "failed to demonstrate a reasonable basis in fact or colorable ground that supports her claim of negligence against defendant…" *Id.*

11. In Florida, an employee of an alleged corporate tortfeasor can be held individually liable, but only if the employee personally and actively participates in the tort. See *Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363 (Fla. 4th DCA 1981); see also *McElvenn By and Through MvElvenn v. Peeler*, 544 So.2d 270, 271 (Fla. Dist. Ct. App. 1989 ("Individual officers and agents of a corporation are personally liable when they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents."); see also *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2005) ([O]fficer or agent many not be held personally liable 'simply because of his general administrative responsibility for performance of some function of his [or her] employment'- he or she must be actively negligent.", quoting *McElveen*, 544 So.2d at 272). In *White*, the court went on to explain that in order to

establish such individual liability, "the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." 918 So.2d at 357.

12. Here, Carter has been fraudulently joined because the claims against him are without any basis in fact and are frivolous. Plaintiffs have failed to demonstrate a reasonable basis in fact to support their claims for negligence. According to the Complaint ¶ 31, Carter serviced, repaired, or maintained the Elevator on March 9, 2018 and was acting within the course and scope of his employment or agency with Schindler, as an employee and technician, not as an officer or registered agent for Schindler. See Ex. A, Complaint. Plaintiffs have failed to show that Carter personally and actively participated in the tort, as it is clear from the Complaint that Carter was not present on the date of the accident and had not serviced the elevator on the date of the accident. See Ex. A, Complaint. Rather, Carter serviced, repaired, or maintained the Elevator three (3) days before the purported accident. Plaintiffs have failed to show that Carter, as an employee of Schindler, breached any duty that may have been owed to Plaintiff by personal fault.

13. Carter was, therefore, fraudulently joined in this suit, and his citizenship is appropriately ignored for purposes of determining diversity of citizenship for removal.

### III. The Amount-in-Controversy is greater than $75,000

14. In *Eckert*, the court determined in a diversity case, the removing party must show, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000. 328 F.3d at 1274. In order to meet this burden of proof, a defendant must present sufficient factual evidence to allow the Court to independently assess whether the amount-in-controversy has been met. *Id.* at *5.

15. If a case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of an amended pleading, order or other paper from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b). Defendant may use discovery responses and settlement demand letters as an "other paper" under 28 U.S.C. § 1446(b) to determine whether a case is removable. *Essenson v. Coale*, 848 F. Supp. 987, 989-99 (M.D. Fla. 1994) (complaint alleging damages in excess of $15,000 not initially removable but becomes removable when plaintiff makes an offer of judgment in excess of amount in controversy requirement); Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3732 (3d ed. 1998) ("various discovery documents such as depositions, answers to interrogatories and requests for admission . . . usually are accepted as 'other paper' sources that initiate a new thirty-day period of removability.")

16. Although the Complaint only alleges that this is an action for damages in excess of $15,000, Plaintiff disclosed that his claims exceed $75,000 in damages. See Ex. B. Specifically, on September 19, 2018, Plaintiffs sent a demand to Marriott requesting all policy limits for the insured. Plaintiffs alleged damages of $302,819.19 for past and future medical expenses, pain and suffering. Plaintiffs' description of the damages sought demonstrates that the amount in controversy requirement has been satisfied.

17. Pursuant to 28 U.S.C. Section 1446(2)(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. "The law is well settled that in cases involving multiple defendants all defendants must consent to the removal of a case to federal court." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001).

At the time of the filing of this Motion, Marriott has not been served and/or no Notice of Appearance has been filed on behalf of Marriott.

18. Pursuant to 28 U.S.C. Section 1446(b), Schindler has timely filed this Notice of Removal without waiver, as it has been less than one year since the commencement of this action on July 17, 2019.

19. The United States District Court for the Middle District of Florida, Tampa Division, is the federal district court embracing the Thirteenth Judicial Circuit Court of Hillsborough County, Florida, where the instant action was filed. Therefore, removal to this Court is proper under 28 U.S.C.§ 1441(a).

20. Pursuant to 28 U.S.C.§ 1446(d), Schindler will promptly serve a copy of this Notice of Removal on Plaintiffs, and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Thirteenth Judicial Circuit Court of Hillsborough County, Florida, and will give written notice thereof to all adverse parties. A copy of said Notice is attached as Ex. C.

21. Pursuant to 28 U.S.C. § 1446(a), Schindler states that Exhibits A attached hereto contain all process, pleadings, orders, and other papers and exhibits served on Schindler in the state court action prior to the time of filing this Notice of Removal.

WHEREFORE, Defendant, SCHINDLER ELEVATOR CORPORATION, hereby removes the above-captioned civil action in its entirety from the Circuit Court of Hillsborough County, Florida, Case No. 19-CA-6006, to the United States District Court for the Middle District of Florida, Tampa Division and respectfully requests this Court to assume jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

Respectfully submitted,

*/s Suzanne A. Singer*
SUZANNE A. SINGER
Florida Bar No.:  0946222
E-mail:  ssinger@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
A Professional Association
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel:  305.358.5577
Fax:  305.371.7580
*Attorneys for Defendant, Schindler Elevator Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kevin Britt Woods
Woods Trial Law
110 North 11th Street, Suite 201
Tampa, FL 33602
servicewtl@woodstriallaw.com
Tel: 813-222-3620

**(Counsel for Plaintiffs)**

9

*/s Suzanne A. Singer*
SUZANNE A. SINGER
Florida Bar No.:  0946222
E-mail: ssinger@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
A Professional Association
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel:  305.358.5577
Fax:  305.371.7580
*Attorneys for Defendant, Schindler Elevator Corporation*