UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENE MARINELLI and JEANNE
MARINELLI,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　Case No: 8:19-cv-2041-T-36CPT

JASON CARTER, SCHINDLER
ELEVATOR CORPORATION and
MARRIOTT HOTEL SERVICES, INC.,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon the Plaintiffs' Motion to Remand (Doc. 20), and Defendants' response thereto (Doc. 22). Defendants removed this action from state court alleging that the citizenship of all properly joined parties is diverse and the amount in controversy exceeds the jurisdictional threshold of $75,000. Doc. 1 ¶ 3. Defendants admit in their notice of removal that a non-diverse party, Defendant Jason D. Carter ("Carter"), is a citizen of the same state as Plaintiffs, but contend that he was fraudulently joined as a party for the purpose of defeating diversity jurisdiction. *Id.* ¶ 6. In the Motion to Remand, Plaintiffs argue that Defendants' removal is not proper because the citizenship of the parties is not diverse and Carter was not fraudulently joined. Doc. 20. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiffs' Motion to Remand.

**I.    FACTS AND BACKGROUND**

Defendant Marriott Hotel Services, Inc. ("Marriott") contracts with Defendant Schindler Elevator Corporation ("Schindler") for maintenance, inspection, and repair of the elevators within the Tampa Airport Marriott Hotel. Doc. 1-1 ¶ 12. On March 9th, 2018, Marriott contacted

Schindler to request service on a malfunctioning elevator within the Tampa Airport Marriott Hotel. Doc. 20-2 at 3. Carter is a service technician employed by Schindler and was assigned to respond to Marriott's request. *Id.*; Doc. 1-1 ¶¶ 14, 16. Carter adjusted the brake switches, tested the elevator, and returned it to service. Doc. 20 ¶ 15; Doc. 20-2 at 3. Several days later, on the morning of March 12, the elevator again malfunctioned and a different Schindler employee arrived to repair, test, and place the elevator back in service. Doc. 20-2 at 3.

Later in the day of March 12, Plaintiff Gene Marinelli arrived at the Tampa Airport Marriott Hotel and entered the elevator from the hotel lobby. Doc. 20-2 at 3; Doc. 22 ¶ 6. The elevator went up about two stories before dropping down into the elevator pit below the ground floor, injuring Gene Marinelli. Doc. 1-1 ¶ 22–23. Gene Marinelli and his wife, Jeanne Marinelli, brought the current action against Defendants Marriott, Schindler, and Carter in state court. Doc. 1-1. Prior to Marriott being served with the Complaint, Defendant Schindler filed a notice of removal to this Court. Doc. 1. After being served, Marriott consented to and joined in Schindler's removal of this action. Doc. 8.

Plaintiffs move to remand this case, arguing that Carter was not fraudulently joined. Doc. 20. They have reaffirmed their Motion to Remand and moved for leave to amend the Complaint to join an additional Defendant, the Schindler employee who repaired and tested the elevator on March 12. Doc. 23.

## II. LEGAL STANDARD

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fednner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002) (abrogated

on other grounds). The doctrine of fraudulent joinder provides an exception to the diversity of citizenship requirement. *Tran v. Waste Mgmt., Inc.*, 290 F. Supp 2d 1286, 1292 (M.D. Fla. 2003).

Fraudulent joinder occurs in three situations: (1) when there is no possibility that a plaintiff can prove its claims against a non-diverse defendant; (2) when there is outright fraud in the pleading of jurisdictional facts; and (3) when a "diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). "When a plaintiff names a non-diverse defendant solely in order to defeat diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

However, a plaintiff's joinder of a non-diverse defendant is proper when it satisfies the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2). Rule 20(a)(2) allows defendants to be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B).

The burden of proving fraudulent joinder rests on the moving party, *Tran*, 290 F. Supp. 2d at 1293, and is a "heavy one," *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1268, 1380 (11th Cir. 1998). The moving party must prove that it would not be possible for a state court to find that "plaintiff[s] state even a colorable claim against the resident defendant." *Id*. at 1380. Otherwise, joinder is proper and the case should be remanded to state court. *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003). A plaintiff's reason for joining a specific defendant is not

relevant "as long as the plaintiff has the intent to pursue a judgment against the defendant." *Triggs*, 154 F.3d at 1290–91. In determining whether remand is appropriate, a district court evaluates the allegations of the complaint in the light most favorable to the plaintiff, resolving any uncertainties regarding state law in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also Legg v. Wyeth*, 428 F.3d 1317, 1322-1323 (11th Cir. 2005) (explaining that resolving a fraudulent joinder issue is similar to resolving a motion for summary judgment). However, the Court may also consider affidavits and deposition transcripts submitted by the parties. *Crowe*, 113 F.3d at 1538.

## III.  DISCUSSION

Marinelli states in its Notice of Removal that Carter was fraudulently joined in this suit and that Plaintiffs cannot assert a valid claim against him. Doc. 1. ¶ 6. Marinelli argues that because Carter was an employee acting within the course and scope of his employment with Schindler he cannot be held individually liable absent personal and active participation in the tort, which Plaintiffs do not allege. *Id.* ¶¶ 11-12.

The probability that a plaintiff may not ultimately be successful against a particular defendant is not dispositive regarding whether they have stated a sufficient cause of action against that defendant to defeat a fraudulent joinder claim. *Pacheco*, 139 F.3d (1998). "[F]ederal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538.

Plaintiffs intend to pursue judgment against Carter and the employee who repaired the elevator the day of the incident, claiming that negligent maintenance was the cause of Gene Marinelli's injuries. Doc. 1-1 ¶¶ 24-35; Doc. 32. Plaintiffs rely on the fact that either Carter or

4

the subsequent employee was the last person to work on the elevator as evidence that it was that person's negligent conduct that caused the elevator to fail again three days later. Doc. 20 at 7-8.

Based on the facts before the Court, it cannot definitively be stated that Carter was fraudulently joined and no arguable claim exists under state law against the last service technician. *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-cv-1445-Orl-22DAB, 2010 WL 4941666, at *3-8 (M.D. Fla. Nov. 3, 2010) (rejecting an argument that an employee was fraudulently joined because the plaintiff had a plausible claim against an employee for personal participation in a tort). Plaintiffs have properly joined Carter under Rule 20(a)(2) because Plaintiffs intend to pursue a judgment against Carter arising out of the same elevator malfunction occurrence that gives rise to liability for defendants Schindler and Marriot. The Court cannot and will not evaluate the merits of this claim, except to determine that a colorable argument could be made against the elevator's last service technician. Because Carter was not fraudulently joined, diversity of citizenship does not exist.[1] Therefore, this Court does not have subject matter jurisdiction over this action. Accordingly, it is

**ORDERED**:

1. Plaintiffs' Motion to Remand (Doc. 20) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

---

[1] Because the Court lacks jurisdiction over this matter, it will not rule on Plaintiff's Motion for Leave to Amend Complaint, for Joinder of Additional Party, and Renewed Motion for Remand with Incorporated Memorandum of Law (Doc. 23).

4. The Clerk is further directed to terminate all pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on March 17, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any